Good afternoon. We have a day calendar this afternoon in five cases. The clerk informs me that counsel are ready in all of them except the last one in which one counsel may not have surfaced. But we'll begin with the motions calendar and we have two motions to be argued. The first is USA v. Persico. Good afternoon, your honors. May I proceed? Please. Mark Furnish this afternoon for Michael Persico. Your honors, the district court's bail denial rests on two key legal errors that drain any deference otherwise due. First and most significant, that the court vastly overstated Persico's burden by forcing him to establish the merits of his prospective appellate arguments by clear and convincing evidence. And that standard found nowhere in the Bail Reform Act defies 30-year-old precedent of this court requiring only a close question that's more than non-frivolous and could very well go the other way, and that's from the Randell case that the court is undoubtedly familiar with. And if accepted, this standard minted by the district court would effectively condition bail on a district court's finding that its own judgment will likely be reversed on appeal. And that's exactly what Randell says the court, the district court is not supposed to do. And that's precisely the showing the district court demanded here in making its second error, namely denying bail because Persico's arguments underwent two reviews by Judge Towns. And this is all in the four-page bail denial, so I'm not embroidering or embellishing it here. Under the proper test, Your Honors, Mr. Persico raises three fairly debatable issues, debatable issues, warranting continued release. First, the government breached the plea agreement to a straightforward extortionate credit transaction by insisting it could prove by preponderant evidence Persico's participation in murder, a tail wagging the dog if ever there was one, and that's the language, Judge Newman, that you used all those years ago in the concurrence that you wrote in Concepcion, which is all that we had to rail against the use of unconvicted conduct at sentencing for some time. But the issue there wasn't whether the plea agreement barred it, and that's your issue, is whether the plea agreement barred it. So what in the plea agreement barred him from saying that? Well, Judge, to answer your question, what barred him from saying that directly is the within the guideline range the sentence should fall and won't move for an upward departure. Now, against we have to consider this language against the well-settled backdrop of plea bargaining law in this circuit, and it's one of the few areas of the law that's actually good for a criminal defendant. Why do I say that? The Court has said over and over again that plea agreements implicate special due process and fairness concerns, that they're are held to meticulous standards, the most meticulous standards from Altro of promise and performance, and this all derives from Santabella. And it's especially true now that the Supreme Court has acknowledged in Lafler and Fry that plea agreements, plea bargaining is the criminal justice system. So if there's ever a case where a contract has to be read in defendant's favor and you have to look at the spirit of the agreement as well as the literal language, plea bargaining is it. And I submit to the Court that the only conceivable reason for the government to juxtapose the worst of crimes, murder, with a representation that it could meet the applicable proof standard at sentencing, just a preponderance, all that's doing is encouraging the Court to sentence at the top of or above the guidelines range, and that's naturally what happened in this case. And that defies the letter I would submit and the spirit of the provision that I just quoted, read as it properly must be in the defendant's favor. Now what does the government say about this? They say we reserve the right to give the Court relevant information at sentencing. All true, all true. But let's not overlook, I think it's footnote six in their brief. What do they say? They say that Mr. Persico was already indicted for this very charge. So that indictment was already on file with the Court. It already had all the relevant information. It had the Supreme Jury had found by probable cause that Mr. Persico participated in this murder. Now they agreed to, yes? What was the page in the brief that you just referred to? Judge, I don't have the brief before. I know you just said it. What did you just, I'm asking simply for repetition of what you said. Footnote six in the government's brief, I don't, page 23. So consider this. The Court has the indictment before it. The indictment ipso facto constitutes a finding by probable cause that Mr. Persico was involved in this murder. What did it need to go to probation and arm of the Court and say, hey, by the way, we can prove this by a preponderance of the evidence and we just dismissed this out of good graces for Mr. Persico's benefit. All it had to do was say, A, say nothing. B, point the Court toward the indictment and say a grand jury found this by probable cause. Or just simply say, we have information implicating Mr. Persico in this murder. What possible reason could there be to say, hey, Mr. Persico participated in the murder of this man back in 1993, and by the way, we can prove it by a preponderance of the evidence when they said they're taking no position on where within the guidelines range the sentence should fall and they're not moving for an upward departure. They're not saying, What do you do with the issue of dangerousness? Oh, respectfully, I think that that is the easiest one here. And if you look at the text of 3143A, it speaks of mandatory detention while awaiting imposition or execution of sentence. Mr. Persico is awaiting execution of sentence right now. So the judge necessarily found by clear and convincing evidence already that he wasn't dangerous or she would have landed him right on the spot. Certainly wouldn't have kept him out an extra period of time pending sentence execution. Let's just stick for a moment to the proceedings in the District Court. There was a Fatico hearing, right? There was. Before whom? Well, it took place before Judge Irizarry and it was originally ordered by Judge Towns, Your Honor. Yes, Judge Towns was ill, I believe, right? And was unavailable in any event. The case was transferred to Judge Irizarry. All right. And so what happened at this hearing? Well, this What were the findings of the District Court? The District Court found, as the government represented it could prove in the PSR by a preponderance of the evidence, at least a preponderance I think was the word, that Russo was credible enough to establish Mr. Persico's participation in this murder. And specifically the way it And my colleague reminds me with respect to dangerousness and I see I'm out. I don't know. No, it's okay. Go ahead. Look, here's something else that's vital and I don't remotely And I have no problem with you pursuing whatever. We do it the English style. The junior barrister leans over and can whisper if she wants. Junior only in age, but not in stature. But let's put that Great. Very good. Let's put that to one side. Let me just, I'm a very simple sort of person. What exactly happened at this Fatico hearing? What did she find? She found, Your Honor, by a preponderance of the evidence that Mr. Persico most significantly had participated in this murder, a murder conspiracy by procuring the weapons. She also found that What was the basis of that finding? She credited the testimony of this Anthony Russo, the cooperating witness. She credited the testimony. She did. Somebody who testified. She did. She credited. All right. On the erroneous assumption that he would risk all incentives and protections, he negotiated in exchange for his guilty plea. And we're not contesting those findings for purposes of today's hearing. It's crucial to realize, and I go back quickly to what I said at the we have a meritorious appellate claim by clear and convincing evidence or require a preliminary showing in front of the district court that she should reverse herself. We have to show a close question, one that's fairly debatable, one that could very well could go the other way. Has this appeal been scheduled? No, and we're willing to expedite it. Have you made a motion to expedite? We have not, but we're more than willing to do that within 30. We're willing to file our brief within 30 days. I don't think I don't think I'm asking. Are you willing? We have not. The answer is we have not presently made a motion. Want something expedited, usually let us know that with a motion. That's my that's my bad, Your Honor. And I'll do that today. And I'm no, no, we're more than willing to expedite it and get the brief done on any expeditious schedule. The court might order. It's not like these issues haven't been briefed by us before. So that's an oversight on my part. We'll take this as an oral motion by you. Yes, it is. And could I just point out one one more quick go ahead. What do you want from us? What is the remedy that you're seeking? Ultimately, Your Honor, we're seeking with and we will be on the merits brief seeking what we sought in the district court, which is withdrawal of the plea agreement. And obviously, there's sort of an open question. What do you want from us today? We want you to stay execution of the sentence and continue his release on the same conditions pending appeal that he's been out on for the last seven years. And to that end, I just add very quickly, I don't remotely fault Judge Irizarry for being thorough, deliberate and trying hard to get it right. He was out on bail. It took over a year to issue a fatical ruling here, over a year to actually made a gut determination about whether this Russo was credible or not. If he's that dangerous, you don't leave him out generally for that duration of time. And again, I appreciate the thoroughness and the consideration. I'm citing this for a different reason. The world is not going to end tomorrow if Michael Persico remains out pending the disposition of this appeal. And even if we take the government's facts in the light most favorable to the government and we dispute them, the last bad act that they're attributing to Mr. Persico is in 2010, seven years ago. This case has been pending for an inordinate amount of time. And Mr. Persico has scrupulously, scrupulously complied with his release conditions. The pretrial services officer said the same thing in their recommendations to the court. You would be satisfied with an extension of the current conditions of release? Yes, sir. Absolutely. Until such time as the court hears the appeal? Yes, until such time as the court decides the appeal. Anything else? No, sir. I thank you for hearing me.  Good afternoon. May it please the court. My name is Alon Lifshitz. I represent the government in this case. The motion for bail pending appeal should be denied because Judge Irizarry did not commit a clear error in this case, either in finding that the defendant is a danger or in finding that his appeal on the merits fails to raise a substantial question. Either of those grounds is sufficient on its own to deny the motion for bail pending appeal. And indeed, detention is mandatory under the statute if either of those conditions is not satisfied. What do you make of Mr. Furniture's comment, forceful comment a few minutes ago, that he's been released on conditions of release for over six years? He was, your honor, he was arrested in 2010. He was committing crimes up until his arrest. His ability to refrain. I understand that, but offhand, you have, he hasn't shown during, or you haven't really indicated that during these seven years, he's a danger to the community or a risk of flight. Otherwise, you would have sought the revocation of the conditions of release. Correct, your honor. First of all, we did seek remand at the outset. We prevailed. The issue went up to the circuit and was ultimately reversed. We accepted that decision at the time and moved on. I would say, your honor, that his ability to refrain from committing crimes under the microscope of Judge Towns and then Judge Irizarry in pretrial services does not warrant significant credit. The more important thing is that earlier- What doesn't, what doesn't deserve credit? The fact that he is not, has not been found to have committed crimes after his arrest in this case. What's important is that he was found in July of this year by Judge Irizarry, after a fatical hearing that was really more like a trial, to have committed murder, extortion, loan sharking, up until 2009 and 2010, all as a powerful associate of the Colombo family. Essentially compelling a finding that he's a danger to the community. How could a judge find otherwise in that context? And these are findings of fact, as your honor observed. They're based largely on a cooperating witness who testified and was cross-examined in a hearing presided over by Judge Irizarry. If that finding is not disturbed, detention is mandatory under the statute. I'll skip to the breach issue if the court doesn't have additional questions about dangerousness. There was no breach in this case. I think the panel asked what provision was breached. There is no provision of the plea agreement that was breached. The plea agreement is part of the record. We never agreed that we would withhold information from probation or the court. We never would agree to that. It wouldn't even be enforceable. And our footnote that was used against us that referred to the indictment in this case, superseding indictment that charged most of the crimes that were proven at the fatico. The point is, probation and the court knew about these crimes. We never asked for a fatico hearing. We said we didn't want one. Judge Towns knew what we had alleged, and she's perfectly within her rights to insist on knowing whether it was true that Michael Persico committed these additional crimes, as was Judge Irizarry, who independently also decided she wanted the fatico hearing. And it's important to remember in this case, the defendant didn't bargain for us to withhold information. The defendant bargained for a five-year statutory cap in light of the charges he was facing. There is at least some tension when the government says, we won't take a position where in the guideline range he should be, and then gives the probation officer information that, in your view, makes him a very bad guy. That's not exactly neutral as to where in the guidelines he should be, is it? Your Honor, those are bad facts about the defendant, but what we- No, I understand. And had you said, we won't take a position on the precise months within the guideline range, but we do reserve our normal right to inform probation of his background. But when you don't have that reservation, and you say, we won't take any position on- I assume the range was pretty broad in this particular case, wasn't it? Your Honor, the range was 37 to 46 months. So, three to four- was 37 to 46- three to four years? Correct, essentially. But we did say in the plea agreement that we- It could have been three years, it could have been four years. Correct. So, when you say, he committed a murder, isn't that tantamount to saying he probably ought to be pretty close to the top of the range? No, Your Honor, because we didn't even ask for the Fatico hearing. Of course, of course, saying he committed a murder suggests he's a bad person. It certainly doesn't sound like he's at the bottom of the range. No, Your Honor, but we simply agreed not to advocate for a number. We said- and to clarify something- as you draft these, there is a surface, at least, tension between saying, we won't say- we'll be absolutely neutral on where in the range it should be, but we're going to tell him he's a terrible person. I understand Your Honor's point, but we would never be able to enter into an agreement that frankly is quite favorable to defendants and allows them to plead to a less serious crime if we were held to the standard that we would also lie to a district court and say we can't prove he also committed the other crimes. No one suggested that you say you can't prove it. The question is, should you, at the same time you say what you won't do, do the other? Your Honor, we said what we would do. The plea agreement says we would provide the probation department and the court with information relevant to sentencing. That's absolutely in the plea agreement. You have no objection to expediting the appeal? No, Your Honor. If we were to do that. And when is- what is his surrender date? I believe it's October 20th. Okay. Thanks very much. Thank you. We'll reserve decision.